IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS J. RADFORD,

      Plaintiff,

v.

                                  Case No. 2:13-cv-188-MEF-TFM
                                      (WO—Do Not Publish)

KIM TOBIAS THOMAS, *et al.*,

      Defendants.

## **ORDER**

This cause comes before the Court on Thomas Radford's Complaint.  (Doc. #1.) Redford is a pro se state prisoner housed in the Bullock County Correctional Facility ("Bullock") in Union Springs, Alabama.  In his Complaint, Radford requests a temporary restraining order to remedy alleged wrongs committed by various Bullock employees (collectively, "Defendants").  Because Radford brings suit as a pro se litigant, the Court must construe his complaint liberally.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

In his request for emergency relief, Radford claims that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment and have subjected him to grave danger by (1) failing to provide Radford with "proper, adequate indoor 'Fans', and 'Ventilation'" during severe, hot weather; and (2) deliberately depriving Radford access to ice, ice machines, water fountains, and "drinkable liquids" during extremely hot weather. (Doc. #1, at 4–6.)  Radford alleges that he is subject to irreparable and imminent threat of

1

harm caused by heat exhaustion and dehydration. (Doc. #1, at 6.)  Although he does not request emergency relief on this ground, Radford alleges elsewhere in his Complaint that, while locked up in the segregation unit, he is served a "half shot-glass of water" with each meal.  (Doc. #1, at 4.)

Rule 65 of the Federal Rules of Civil Procedure restricts a court's ability to grant a temporary restraining order.  To overcome the rule's restrictions, a plaintiff must make clear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant."  Fed. R. Civ. P. 65(b).  The Eleventh Circuit has held that this requires a plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest.  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).[1]  A temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements.  *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotation marks omitted).

A temporary restraining order is a "drastic remedy" because a court issues it without giving notice to the opposing party.  In other words, denying a party the chance to be heard

---

[1] Rule 65 also has a procedural component.  But since Radford cannot meet the rule's substantive standards, the Court need not concern itself with addressing the procedural issues.

requires the moving party to make a persuasive showing of necessity.  With this in mind, Radford's request for a temporary restraining order fails for two reasons.  First, Radford's claims are premised on the allegation that he will suffer irreparable injury from heat exhaustion and dehydration unless this Court orders emergency relief.  In support of his request for emergency relief, Radford references an affidavit he submitted with his Complaint that is dated July 20, 2012.   (*See* Aff., Ex. 1, at 3.)  Given that Radford has requested this relief in March of 2013, during very moderate weather, the Court finds that Radford has not met his burden of persuasion that he will suffer irreparable injury from heat exhaustion and dehydration unless an injunction issues.  Radford has also not shown that he will suffer irreparable injury from the amount of water that is served in segregation, because it is not clear from the complaint that Radford is currently in the segregation unit.  Second, and along these same lines, Radford's complaint gives no indication that he will suffer some sort of imminent harm absent a temporary restraining order.  This too undercuts his request: by failing to show he is about to suffer imminent harm, he has failed to give the Court a persuasive reason for dispensing with the notice usually given to adverse parties.

For these reasons, the Court finds that Radford's request for a temporary restraining order is more appropriately considered a request for a preliminary injunction and a claim for permanent injunctive relief.  Accordingly, the motion for a temporary restraining order found in Radford's Complaint (Doc. #1) is DENIED.  It is further ORDERED that this case is hereby REFERRED to the assigned United States Magistrate Judge for action or

recommendation on all pretrial matters.

DONE this the 27th day of March, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE