IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS RADFORD, #156846, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-188-MEF |
| ) | [WO] |
| ) | |
| KIM TOBIAS THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Thomas Radford ["Radford"], a state inmate, in which he challenges conditions and adverse actions which have occurred during his confinement at the Bullock Correctional Facility.

In his compliant, Radford requested entry of a temporary restraining order and seeks issuance of a preliminary injunction requiring that the defendants refrain from violating his constitutional rights. *Complaint - Doc. No. 1* at 15. Specifically, Radford demands entry of an order requiring the defendants to provide proper ventilation, access to ice, water fountains and drinkable liquids for inmates during "hot inclimate weather, and temperatures." *Id*. The court therefore construes this document to contain a motion for preliminary injunction. Upon review of this motion and this court's order denying Radford's motion for temporary restraining order based on the same grounds for relief, the court concludes that the motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Radford demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163,

1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

In denying Radford's request for a temporary restraining order, this court determined Radford failed to meet two of the prerequisites necessary for issuance of preliminary injunctive relief. *Order of March 27, 2013 - Doc. No. 3*. ("Given that Radford has requested this relief in March of 2013, during very moderate weather, the Court finds that Radford has not met his burden of persuasion that he will suffer irreparable injury [from heat-related issues].... Second, ... Radford's complaint gives no indication that he will suffer some sort of imminent harm...."). Moreover, in balancing potential harm to the parties, this factor weighs more heavily in favor of the defendants as issuance of the requested injunction would impede the ability of correctional officials to manage the daily operation of the Bullock Correctional Facility. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, issuance of a preliminary injunction is not warranted.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

3

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before April 17, 2013 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 2nd day of April, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE