IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS RADFORD, #156846, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-188-MEF |
| ) | |
| KIM TOBIAS THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 case is pending before the court on an amended complaint filed by Thomas Radford ["Radford"], a state inmate currently incarcerated at the Bullock Correctional Facility ["Bullock"]. Radford initiated this cause of action on March 26, 2013.[1] The complaint sets forth a myriad of claims for relief spanning the better part of three years challenging: (i) Radford's transfer to Bullock in April of 2010, (ii) confiscation of current legal materials, (iii) medical treatment provided to Radford for an injury to his lower back and assessment of a $3.00 co-pay for repeated sick call visits regarding this injury, (iv) the freezing of funds in his inmate account whereby Radford is denied access to such funds, (v) the illegal transfer of funds from Radford's inmate account and confiscation of stamps from him, (vi) a breach of contract and violation of an

---

[1] Although the Clerk stamped the complaint "received" on March 27, 2013, Radford verified he presented the initial complaint to prison officials for mailing on March 26, 2013. *Complaint - Doc. No. 1* at 16. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Radford] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers March 26, 2013 as the date of filing for this cause of action.

administrative policy regarding transportation of Radford to his son's funeral, (vii) deliberate indifference to Radford's health/safety due to inadequate laundry services and the requirement that he utilize one laundry bag to store clean and dirty laundry, (viii) invasion of privacy by female correctional officers via a hidden surveillance camera utilized to monitor Radford while in his living area and shower/restroom facilities, (ix) actions by a local postmaster in processing Radford's legal mail, (x) unsanitary food preparation and service, (xi) the due process provided Radford in a disciplinary hearing conducted on April 15, 2012, (xii) unconstitutional conditions of the shower area and restroom facilities at Bullock, (xiii) the general overcrowded conditions present at Bullock, (xiv) lack of access to restroom facilities and drinking water for two hours each morning while inmates are outdoors, (xv) the denial of equal protection arising from the defendants' refusal to provide paper bags/sacks in which to place items purchased from the canteen while inmates at other facilities are afforded these amenities, (xvi) the denial of paper plates for use in preparing food items in the microwave ovens resulting in a threat to Radford's health, and (xvii) deliberate indifference to Radford's safety due to a failure to ensure proper operation of Bullock's backup generator during a power outage on September 23, 2011.

Upon thorough review of the amended complaint, the court concludes that summary dismissal of the plaintiff's claims regarding his transfer to Bullock, improper transfer of funds, confiscation of personal property, breach of contract and actions by the postal service is appropriate upon application of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

---

[2] Except for requiring payment of the filing fee as directed by 28 U.S.C. § 1915(b)(1), the court granted Radford leave to proceed *in forma pauperis* in this cause of action. *Order of March 28, 2013 - Doc. No. 4*. Consequently, the complaint is subject to screening in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires that despite payment of the filing fee the court may dismiss a prisoner's claims prior to service of process if the claims are

## II. DISCUSSION

### A. Transfer to Bullock

Radford challenges the constitutionality of his transfer to Bullock in April of 2010. *Amended Complaint - Doc. No. 23* at 10-11.[3] Specifically, Radford contends that his transfer constituted a "retaliatory action[]" for his filing a federal civil action in 2009. *Id*. at 10. This claim, however, is barred by the statute of limitations applicable to an action filed by an inmate in this court under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The alleged unconstitutional transfer about which Radford complains occurred in April of 2010. The tolling provision of *Ala. Code* § 6-2-8(a) is unavailing.[4] Thus, the statute of limitations began to run in April of 2010 and ran uninterrupted until it expired in April of 2012. As previously noted, Radford filed the instant complaint on March 26, 2013. This filing occurred several months

---

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] Radford advises that he has been incarcerated at Bullock since April 22, 2010. *Amended Complaint - Doc. No. 23* at 11.

[4] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The instant complaint and other civil actions filed with this court demonstrate that Radford was not legally insane at the time of the challenged transfer so as to warrant tolling under *Ala. Code* § 6-2-8(a).

3

*after* the applicable period of limitation had expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts presented in the amended complaint, the court concludes that Radford has no legal basis on which to proceed with respect to his improper transfer claim as he filed this case

more than eleven months after the transfer about which he complains occurred. As previously determined, the statutory tolling provision provides no basis for relief from application of the two-year period of limitation. Thus, the two-year period of limitation expired in April of 2012. In light of the foregoing, the court concludes that Radford's challenge to his transfer to Bullock in April of 2010 is barred by the applicable period of limitation and the claim presented by Radford regarding this transfer is therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[5]

### B. Property Claims[6]

Radford complains that correctional officials at Bullock improperly transferred funds from his inmate account. *Amended Complaint - Court Doc. No. 23* at 13-14, 21. Randford further alleges that Sgt. Elizabeth Laseter improperly confiscated postage stamps from him. *Id.* at 15. The aforementioned claims challenging the transfer of funds and confiscation of property fail to implicate the due process protection afforded by the Constitution.

> If the [funds were transferred or the stamps confiscated and] not returned because of [the correctional defendants'] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Carr*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [the defendants have] intentionally refused to return the [funds and stamps], plaintiff has not alleged a constitutional violation. In *Hudson v.*

---

[5] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

[6] The court considers the claim challenging the transfer/deduction of funds from Radford's account separate from his claim attacking the freezing of funds in his account as the transfer claim arises from an alleged improper taking of property whereas the withholding of access to funds is clearly based on Radford's lack of access to funds which remain in his inmate account. In this Recommendation, the court therefore addresses only the claim regarding transferred funds.

> *Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause ... if a meaningful postdeprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986); *Holloway v. Walker*, 790 F.2d 1170, 1173-1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process). This court has routinely and consistently applied the holding of *Rodriguez-Mora* to dismiss as frivolous due process claims brought by inmates challenging actions of state officials regarding deprivations of their property. *McClellan v. Alabama*, Civil Action No. 2:11-CV-466-ID, 2011 WL 3423940 (M.D. Ala. 2011); *Flournoy v. Culver, et al.*, Civil Action No. 1:10-CV-104-ID, 2010 WL 916577 (M. D. Ala. 2010); *Dunklin v. Riley, et al.*, Civil Action No. 2:06-CV-1063-MEF, 2009 WL 3624706 (M.D. Ala. 2009); *Malone v. Boyd, et al.*, Civil Action No. 2:09-CV-217-TMH, 2009 WL 1064903 (M.D. Ala. 2009); *Carter v. Valeska, et al.*, Civil Action No. 1:08-CV-858-TMH, 2008 WL 5245618 (M.D. Ala. 2008); *Salmon v. Turner*, Civil Action No. 1:08-CV-554-TMH, 2008 WL 3286982 (M.D. Ala. 2008); and *Todd v. Jones, et al.*, 3:07-CV-1021-WKW, 2007 WL 4510340 (M.D. Ala. 2007).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Radford to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq*. Consequently, Radford's allegations that the defendants violated his constitutional right to due process upon the transfer of his funds and confiscation of his stamps, whether such was the result of negligence or an intentional act, entitles him to no relief from this court. These claims are therefore subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

**C. Transport to Funeral**

Radford maintains that he arrived several hours late to the funeral service for his son "which deprived plaintiff the benefit of viewing his son's body, or attending the funeral." *Amended Complaint - Doc. No. 23* at 16-17. Radford complains that officers K. Jiles and Edna Johnson breached the terms of a contract entered with correctional officials requiring that they transport him in a timely manner to his son's funeral after he rendered payment in "the amount of $500+ for said escort." *Id*. at 16. Radford further asserts that an administrative regulation adopted by the Alabama Department of Corrections creates a duty upon the officers "to provide plaintiff with the services in which he rendered payment for." *Id*.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Initially, it is clear that an inmate has no constitutional right to attend the funeral of a relative. Moreover, an alleged breach of a contract provides no basis for relief in a 42 U.S.C. § 1983 action as such does not implicate the Constitution; rather, this claim arises solely under state tort law. In addition, the failure to of correctional officials to act in accordance with administrative regulations does not assert a violation of an inmate's constitutional rights. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995); *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987). Consequently, the claims presented to this court regarding the failure to transport Radford to his son's funeral in a timely manner are due to be dismissed as frivolous

pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### D.  Claims Against the Postmaster

Radford alleges that the Postmaster of Union Springs, Alabama obstructed and delayed the delivery of his legal mail. *Amended Complaint - Doc. No. 23* at 22.  Specifically, Radford asserts that the Postmaster failed "to ensure that delivery was made" to the addressee and "has not ensured that plaintiff receive all of his certified return receipts, once he has purchased certified service." *Id.*

"It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir.2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983)); *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) ("[S]overeign immunity bars suit against the United States [and its agencies] except to the extent it consents to be sued.").  In accordance with the status conferred by the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, "the Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484, 126 S.Ct. 1252, 1256, 163 L.Ed.2d 1079 (2006).

> Although the Postal Reorganization Act generally "waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,'" *[Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736], 741, 124 S.Ct. 1321 (quoting 39 U.S.C. § 401(1)), the statute also provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service," § 409(c).

*Dolan*, 546 U.S. at 484, 126 S.Ct. at 1256.  The FTCA likewise waives the United States government's sovereign immunity from suit in federal courts for certain tort claims arising from the actions of its employees. *Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998); *Ochran v.*

8

*United States*, 117 F.3d 495, 499 (11th Cir. 1997).  However, there are several explicit exceptions to this waiver of sovereign immunity, *Cohen*, 151 F.3d at 1340, including the postal matter exception, which preserves sovereign immunity and therefore precludes government liability for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

In light of the foregoing, Radford's claims alleging delay, obstruction or inadequate certified receipts regarding the processing of mail while in possession of the United States Postal Service are barred by sovereign immunity.  Consequently, the instant claims for relief against the Postmaster are "based on an indisputably meritless legal theory[,]" *Neitzke*, 490 U.S. at 327, and therefore subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### E.  Supplemental Jurisdiction

To the extent Radford seeks relief from this court on a pendent state law claim of breach of contract regarding his late arrival to his son's funeral, he is entitled to no relief.  Review of this pendent state law claim is only appropriate upon exercise of this court's supplemental jurisdiction over a related constitutional claim.  In the posture of this case, however, the court concludes that exercise of such jurisdiction is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction.  To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb,* 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).  *See generally* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3567 pp. 443-47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of this court's dismissal of the federal challenges to Radford's untimely arrival at the funeral service for his son, the pendent state claim for breach of contract is due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claim from which the state claim arises is dismissed prior to trial, the state claim should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claim challenging his transfer to Bullock in April of 2010 be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

2. The plaintiff's claims attacking improper transfer of funds from his inmate account and confiscation of postage stamps be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

3. The plaintiff's federal claims challenging the failure of correctional officials to ensure his timely arrival at the funeral of his son be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

4. The plaintiff's claims against the Postmaster of Union Springs, Alabama be DISMISSED with prejudice upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

5. The plaintiff's claims against Edna Johnson, K. Jiles, Elizabeth Laseter and the Postmaster of Union Springs, Alabama be DISMISSED with prejudice.

6. Edna Johnson, K. Jiles, Elizabeth Laseter and the Postmaster of Union Springs, Alabama be DISMISSED as defendants in this cause of action.

7. The plaintiff's state law breach of contract claim be DISMISSED from this action without prejudice.

8. The plaintiff's remaining claims for relief be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before July 5, 2013 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former

Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of June, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE