IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS RADFORD, ) | |
| AIS #156846, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-188-MEF |
| ) | [WO] |
| ) | |
| KIM TOBIAS THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Thomas Radford ["Radford"], a state inmate, in which he challenges conditions and adverse actions which have occurred during his confinement at the Bullock Correctional Facility.  On July 25, 2013, Radford filed a document seeking issuance of an order directing defendants Kim Thomas, Kenneth Jones, Sandra Giles and Rene Mason to show cause why a motion for preliminary injunction should not issue for their alleged illegal seizure of funds from his inmate account.  *Doc. No. 51*.

After review of this motion and in light of the relief sought by Radford, the court construed the document to contain a motion for preliminary injunction and required a response to the motion from the defendants.  *Order of July 26, 2013 - Doc. No. 54*.  In their response, the defendants maintain that they are denying the plaintiff access to certain funds deposited to his inmate account as he gained access to these funds in violation of institutional rules.  *Defendants' Exh. A (Aff. of Sandra Y. Giles) - Doc. No. 57-1 at 1-2* ("An investigation revealed that inmate Radford had been

involved in a scheme where he would loan inmates store goods [and] ... also allow inmates who were on restriction (as a result of disciplinary action) to have money placed on his PMOD account [in exchange for providing these inmates access to store items]. All of which is a violation of institutional rules. Inmate Radford then had other inmates to collect on his debt which included interest.... The money that was determined to be placed on inmate Radford's account as a result of his illegal activities [was] frozen. There was not any money removed, nor seized from inmate Radford's account.").

Upon consideration of the motion for preliminary injunction and the response filed by the defendants, the court concludes that this motion is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Radford demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service,*

*Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Radford has failed to demonstrate a substantial likelihood of success on the merits of his claim. The assertions contained in the motion for preliminary injunction are merely conclusory, self-serving allegations regarding a purported improper denial of access to funds in the plaintiff's inmate account. In addition, Radford has utterly and completely failed to demonstrate a substantial threat that he will suffer a requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, clearly weighs more heavily in favor of the defendants as issuance of the requested injunction would severely undermine the authority of

correctional personnel and limit their ability to enforce rules governing inmate behavior. In essence, granting the relief requested by Radford would provide an inmate the means by which to circumvent prison disciplinary rules. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Radford has failed to meet his burden of demonstrating the existence of the necessary prerequisites for issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on July 25, 2013 be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before September 6, 2013 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to

September 30, 1981.

    Done this 19th  day of August, 2013.

                                          /s/Terry F. Moorer
                                          TERRY F. MOORER
                                          UNITED STATES MAGISTRATE JUDGE